AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

Western  DISTRICT OF  Missouri

Lela Walter,

V.

Clarion Mortgage Capital.,
Inc., et al.,

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number: 08-0536-CV-W-GAF

I, _____Ann Thompson_____ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action __5/20/2010__ , as it
Date
appears in the records of this court, and that

\* An appeal was taken from this judgement by Defendant Clarion Mortgage Capital,Inc. ("Defendant"); however, Defendant failed to file a supersedeas bond as instructed by the Honorable Judge Gary A. Fenner, and no stay of execution is presently in effect.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

__5/20/2010__ Date

__Ann Thompson__ Clerk

(By) Deputy Clerk

---

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LELA WALTER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 08-0536-CV-W-GAF<br>) |
| CLARION MORTGAGE CAPITAL,<br>INC., et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Presently before the Court is Plaintiff Lela Walter's ("Plaintiff") Bill of Costs (Doc. #147), Defendant Clarion Mortgage Capital, Inc.'s ("Clarion") Bill of Costs (Doc. #157), and Defendant Marie Ann Gunja's ("Gunja") Bill of Costs (Doc. #149). Upon consideration and pursuant to Fed. R. Civ. P. 54(d), it is

**ORDERED** that Plaintiff's Bill of Costs against Clarion and Defendant Dan S. Spencer, Special Administrator of the Estate of D. Michael Phelps, Sr. ("Phelps") (Doc. #147) and Gunja's Bill of Costs (Doc. #149) are **GRANTED**.

**IT IS FURTHER ORDERED** that Clarion's Bill of Costs (Doc. #157) is **DENIED**.

**FINALLY, IT IS ORDERED** that Clarion and Phelps are jointly and severally liable for costs set forth in Plaintiff's Bill of Costs (Doc. #147). *See MVC Constr., Inc. v. Treadway*, 898 P.2d 993, 999 (Ariz. Ct. App. 1995); *see also* 20 C.J.S. *Costs* § 55 (2009).

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: April 22, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LELA WALTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-0536-CV-W-GAF |
| | ) |
| CLARION MORTGAGE CAPITAL, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND JUDGMENT FOR ATTORNEY FEES

Presently before the Court is Plaintiff Lela Walter's ("Plaintiff") Motion for Attorney's Fees filed pursuant to Fed. R. Civ. P. 54(d) and Mo. Rev. Stat. § 407.025.1. (Doc. #146). Plaintiff seeks an award of attorney fees against Defendants Clarion Mortgage Capital, Inc. ("Clarion") and Dan S. Spencer, Special Administrator of the Estate of D. Michael Phelps, Sr. ("Phelps")[1], (collectively "Defendants") in the amount of $196,100.00.[2] (Doc. ##146, 156). Phelps does not oppose the present Motion. Clarion, however, does oppose. (Doc. #151). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## DISCUSSION

I. FACTS

---

[1] Phelps died during the pendency of this case, and Dan S. Spencer, Special Administrator of the Estate of Phelps, was subsequently substituted as a named defendant.

[2] Plaintiff originally requested $200,600.00 in attorney fees, but Plaintiff subsequently conceded $4,500.00 worth of fees had been included in error. *See* Doc. ##146, 156.

1

On August 22, 2005, Plaintiff was joined as a co-plaintiff in a case pending in the Circuit Court of Jackson County, Missouri, against Defendants. (Doc. #1). On July 25, 2008, Plaintiff's case was transferred to this Court. *Id.* Generally, Plaintiff alleged Clarion violated the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq. (2009) ("RESPA") and the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq. (2009) (the "MMPA") when procuring and servicing her loan. (Doc. #1-1). She also alleged Gunja, a real estate appraiser, violated the MMPA when she appraised the real estate securing the loan originated by Clarion. *Id.* Lastly, she asserted claims against Phelps, a builder who offered to renovate portions of the real estate at issue, for violations of RESPA and the MMPA. (Doc. #1-1).

The case proceeded to trial, and on January 12, 2010, a jury found for:

(1) Plaintiff on her claims against Phelps for violations of RESPA, awarding Plaintiff $40,500.00 in damages;

(2) Clarion on Plaintiff's claims for violations of RESPA;

(3) Plaintiff on her claims against Phelps for violations of the MMPA, awarding Plaintiff $26,600.00 in actual damages and $32,900 in punitive damages;

(4) Plaintiff on her claims against Clarion for violations of the MMPA, awarding Plaintiff $4,600 in actual damages and $95,400 in punitive damages; and

(5) Gunja on Plaintiff's claims for violations of the MMPA.

(Doc. #142). Plaintiff now seeks an award of attorney fees for work done in connection with her successful claims. (Doc. #146).

2

Plaintiff's counsel, Paul K. Hentzen ("Mr. Hentzen"), claims to have spent 784.4 hours[3] at an hourly rate of $250.00. This equates to $196,100.00 in claimed attorney fees. In support of the claimed fees, Plaintiff submitted a detailed record of Mr. Hentzen's relevant time entries for work done on her case. According to Mr. Hentzen, his time "for services rendered in connection with the matters concerning the other two plaintiffs that were in the original suit in the state court was accounted for separately" and was not included in the present claim or time sheet entries submitted to the Court. (Doc. #146, p. 3). Further, by way of affidavit, Mr. Hentzen attests that Timothy R. Brownlee, of Crews, Waits, Brownlee & Berger, a Kansas City, Missouri, law firm, regularly charges hourly rates ranging from $225.00 to $300.00 for work similar to the work he conducted in this case. (Affidavit of Paul K. Hentzen, ¶ 3). Thus, Plaintiff argues Mr. Hentzen's claimed hourly rate is fair, reasonable, and on par with other practitioners within this locality. (Doc. #146, p. 4).

## II. LEGAL STANDARDS

Both RESPA and the MMPA allow an award of attorney fees to a prevailing party. Under RESPA, "the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees." 12 U.S.C. § 2607(d)(5). Under the MMPA, the Court "may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper." Mo. Rev. Stat. § 407.025.1.

---

[3]This figure has been reduced from the originally claimed 802.4 hours worked to reflect Plaintiff's attorney's admission of an eighteen (18) hour time calculation error. *See* Doc. #156, p. 6.

3

As stated above, Plaintiff is "the prevailing party" on her RESPA and MMPA claims against Phelps and her MMPA claims against Clarion. Generally, joint and several liability for attorney fees is applied to all non-prevailing defendants regardless of an individual defendant's degree of culpability. *See Carhart v. Stenberg*, 192 F.3d 1142, 1152 (8th Cir. 1999).

## III. ANALYSIS

Upon review and consideration of the evidence presented, Plaintiff's claimed attorney fees are fair and reasonable. Further, Mr. Hentzen's hourly rate is fair, reasonable, and in conformity with rates charge in this locality for similar services. Finally, none of Clarion's arguments opposing Plaintiff's Motion persuade the Court to deviate from Plaintiff's claimed attorney fee award sum.

Clarion claims Plaintiff's legal fees should be reduced because Plaintiff currently seeks repayment of fees relating to work performed prior to Plaintiff actually being named as a plaintiff in the current action. However, pre-filing investigation of an action is an integral part of litigation, and failure to properly conduct such investigation may result in attorney sanctions. *See* Fed. R. Civ. P. 11. Thus, although some of Plaintiff's claimed legal fees might be tied to investigations and other work done prior to her official inclusion to the present action, Plaintiff nevertheless is entitled to recoup those fees.

Further, Clarion argues Plaintiff's legal fees must be apportioned between it and Phelps. Some courts have, in their discretion, chosen to apportion attorney fees among various defendants. In doing so, the courts typically consider factors such as the following: (1) the defendants' relative culpability; (2) the percentage of time the plaintiff spent litigating against the respective defendants; (3) the ability of each defendant to pay; and (4) the inter-relatedness of the issues and claims. *See Jenkins by Agyei v. Missouri*, 838 F.2d 260, 267-68 (8th Cir. 1988) (holding degree of culpability

4

and time spent on litigation are relevant factors); *Rogers v. Int'l Paper Co.*, 510 F.2d 1340, 1357 (8th Cir. 1975), *vacated on other grounds*, 423 U.S. 809 (1975) (reasoning relative ability to pay is a relevant factor); *Berry v. Sch. Dist. of Benton Harbor*, 703 F. Supp. 1277, 1287 (W.D. Mich. 1986) (reasoning inter-relatedness of issues and claims is a relevant factor).

Here, the Court declines apportionment. Plaintiff's successful claims against Defendants are extremely inter-related, arising out of the same transaction or occurrence or series of occurrences and sharing common questions of law and fact. Further, the degree of Defendants' individual culpability does not vary in any material sense. Lastly, the percentage of time Plaintiff spent pursuing her successful claims does not appear disproportionately spread between Defendants. Put simply, there is no reason to depart from generally accepted joint and several liability for attorney fees.

Lastly, Clarion requests the Court reduce Plaintiff's claimed attorney fees by $2,600.00 for the 10.6 hours Mr. Hentzen spent establishing Plaintiff's entitlement to and amount of Plaintiff's attorney fees. While the Eighth Circuit has not addressed this issue, other courts that have generally held that such time is compensable. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."). Thus, Plaintiff's award for attorney fees will not be decreased by excluding work performed by Mr. Hentzen in establishing Plaintiff's entitlement to attorney fees.

## CONCLUSION

5

Plaintiff has demonstrated her entitlement to an award compensating her for attorney fees expended to successfully litigate her claims against Defendants. Accordingly, Plaintiff's Motion for Attorney's Fees is **GRANTED**. Further, it is

**ORDERED** that a **JUDGMENT** against Defendants in the amount of $196,100.00, representing Plaintiff's fair and reasonable attorney fees, is awarded to Plaintiff. Defendants shall remit payment to Plaintiff's counsel within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: **March 23, 2010**

6

Case 4:08-cv-00536-GAF   Document 165   Filed 03/23/10   Page 6 of 6

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

## JUDGMENT IN A CIVIL CASE

| | | |
|---|---|---|
| LELA WALTER, | ) | |
| | ) | |
| Plaintiff, | ) | Date: 1/08/10 |
| | ) | |
| vs. | ) | Case No. 08-0536-CV-W-GAF |
| | ) | |
| CLARION MORTGAGE CAPITAL, INC., | ) | Day Five |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**XX**     **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**XX**     **Decision by Court.** This action came before the Court. The issues have been determined and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that

the jury finds as set forth in the verdict.

**IT IS FURTHER ORDERED AND ADJUDGED** pursuant to this Court's order of July 30, 2009 that

Clarion's Motion to Dismiss is GRANTED with regard to the § 2607(b) RESPA claim and DENIED with regard to the § 2607(a) RESPA claim.

**IT IS FURTHER ORDERED AND ADJUDGED** pursuant to this Court's order of April 2, 2009 that

Defendants' Motions for Summary Judgment are therefore DENIED.

**IT IS FURTHER ORDERED AND ADJUDGED** pursuant to this Court's order of August 28, 2008 that

Clarion and Phelps' Motions to Dismiss are DENIED.

January 12, 2010           Ann Thompson
Date                           Clerk of Court

                                          /s/ Tracy L. Diefenbach
                                          (by) Deputy Clerk